UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA DAIHUA ZHOU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORTHERN CALIFORNIA PRESBYTERIAN HOMES AND SERVICES,<br><br>　　　　Defendant. | Case No. 15-cv-01676-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Docket No. 21 |

## I. INTRODUCTION

On April 13, 2015, Plaintiff Diana Zhou filed a pro se complaint against Defendant Northern California Presbyterian Homes and Services, alleging workplace discrimination which resulted in a hostile workplace environment and wrongful termination. Docket No. 1 (Compl.) at 1-2. Defendant moved for judgment on the pleadings, on the ground that Plaintiff previously brought a lawsuit on the same discrimination claims in state court. Docket No. 21 (Mot.) at 6. Defendant thus contends that Plaintiff's suit is barred by claim preclusion. Defendant's motion came on for hearing before the Court on November 20, 2015. For the reasons set forth below, the Court **GRANTS** Defendant's motion for judgment on the pleadings.

## II. BACKGROUND

In the instant complaint, Plaintiff alleges that she was wrongfully terminated as a result of discrimination. Compl. at 1. As evidence of discrimination, she alleges that there were complaints about her accent, erratic changes to her work shift and schedule, and assignment of blame despite contrary evidence. *Id.* at 2. Plaintiff also contends that she was subjected to verbal abuse, hostility, and constant harassment by the Director of Nursing, Ms. Maggie Spencer. *Id.*

1   She recounts that on December 27, 2011, Ms. Spencer insulted her, asking, "Why you work
2   here?" and stating, "You made trouble for me" and "You're not qualified to be a nurse." *Id.* The
3   alleged discrimination occurred in October 2011 and on December 22, 2011 and December 27,
4   2011.
5      In October 2013, Plaintiff filed suit against Defendant in state court, alleging almost
6   exactly the same facts. Docket No. 22 (Request for Judicial Notice) (RJN), Exh. A (State Compl.)
7   at 1.[1] For example, Plaintiff alleged that in October 2011, Ms. Spencer cut Plaintiff's work hours.
8   *Id.* at ¶ 12. Plaintiff also alleged that on December 27, 2011, Ms. Spencer reacted to Plaintiff
9   covering a morning shift in a hostile manner, demanding to know why Plaintiff was working and
10  accusing Plaintiff of violating protocol by pre-pouring patient medication. *Id.* at ¶ 14. That same
11  day, Ms. Spencer yelled at Plaintiff, telling her that "You are not qualified to be a nurse." *Id.*
12  Plaintiff also alleged that Ms. Spencer would blame Plaintiff without proof, and give her written
13  warnings even though Plaintiff's co-workers would only receive verbal warnings. *Id.* at ¶ 16.
14  When Plaintiff complained to Human Resources, she was told that if she could not work with Ms.
15  Spencer, then she would have to find employment elsewhere. *Id.* at ¶ 18. Based on these facts,
16  Plaintiff brought claims alleging violations of Fair Employment and Housing Act (FEHA) for
17  discrimination and unlawful retaliation, as well as failure to provide a safe workplace.
18      In January 2015, Defendant moved for summary judgment on Plaintiff's complaint.
19  Docket No. 27 (Reply Request for Judicial Notice) (Reply RJN), Exh. G. On March 17, 2015, the

---

[1] Defendant requests judicial notice of: (1) Plaintiff's state court complaint, (2) the state court order granting summary judgment, (3) the state court's judgment, (4) Plaintiff's Notice of Appeal, (5) Plaintiff's notice of the abandonment of her appeal, (6) Plaintiff's opposition to Defendant's motion for summary judgment, and (7) Defendant's motion for summary judgment. See RJN, Exhs. A-F; Docket No. 27 (Reply Request for Judicial Notice) (Reply RJN), Exh. G.

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Thus, the court "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

Here, Plaintiff does not dispute the accuracy of the documents, which are all readily verifiable documents filed in California state court. Judicial notice is therefore proper.

1  Superior Court granted Defendant's motion for summary judgment. RJN, Exh. B. An appeal was
2  filed on May 12, 2015. RJN, Exh. D. However, on June 26, 2015, Plaintiff filed a notice of
3  abandonment of her appeal. RJN, Exh. E.

### III.  DISCUSSION

Under Federal Rule of Civil Procedure 12(c), "[j]udgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (citation omitted). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2001). Accordingly, the Court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

The Court finds that *res judicata* applies in the instant case. Per 28 U.S.C. § 1738, "[f]ederal courts are required to give full faith and credit to state court judgments . . . ." *Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005). "To determine the preclusive effect of a state court judgment federal courts look to state law." *Id.* Under California law, *res judicata* "precludes parties or their privies from relitigating *the same cause of action* that has been finally determined by a court of competent jurisdiction." *Tensor Grp. v. City of Glendale*, 14 Cal. App. 4th 154, 160 (1993) (original emphasis). California law defines a cause of action by the "primary right" at stake: "if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id.* (citations omitted).

Here, there is no dispute that Plaintiff's lawsuit in state court was between the same parties or that Plaintiff's claims were "finally determined," as the state court granted Defendant's motion for summary judgment and entered judgment. There can also be no real dispute that the "primary right" at issue is also the same, as there is significant overlap in the operative facts of the two complaints. Both complaints allege that Plaintiff was treated differently based on her race and

3

national origin. Compl. at 2; State Compl. at ¶ 9. The facts are also the same; Plaintiff alleges that her work hours were cut and that there were complaints about her accent. Compl. at 2; State Compl. at ¶¶ 11, 12. She alleges that in December, Ms. Spencer demanded to know why Plaintiff was working and told her, "You are not qualified to be a nurse." Compl. at 2; State Compl. at ¶¶ 13, 14. Indeed, in both complaints, Plaintiff attaches the same Charge of Discrimination issued by the California Department of Fair Employment & Housing to establish administrative exhaustion. Compl. at 10; State Compl. at Exh. A.

Plaintiff contended at the argument she is now raising a claim that Defendant failed to take steps to prevent discrimination. But the superior court order granting judgment to Defendant specifically rejected such claim. RJN, Exh. B at 2 (Superior Court's Order Granting Defendant's Motion for Summary Judgment).

Plaintiff argues that there is a different issue here because her claims of hostile work environment advanced herein were not adjudicated in state court. Docket No. 25 (Opp.) at 1. However, Plaintiff's claim of a hostile work environment could have been brought at the state court level, as it arises out of the same alleged discriminatory and harassing conduct. The superior court even made a determination that Defendant took reasonable steps to prevent discrimination and/or harassment and conducted a good faith and reasonable investigation of her claims of misconduct. RJN, Exh. B. Thus, even if a different theory of recovery is now being pled, the same primary right is at stake because it involves "the same injury to the plaintiff and the same wrong by the defendant." *Tensor Grp.*, 14 Cal. App. 4th at 160 (citations omitted). At the hearing and in her papers, Plaintiff acknowledged that her claims are based on the same facts of her original claim. Furthermore, *res judicata* bars claims that could have been raised in the first action. *Torrey Pines Bank v. Superior Court*, 216 Cal. App. 3d 813, 821 (1989) ("Res judicata bars 'not only the reopening of the original controversy, but also subsequent litigation of all issues which were or could have been raised in the original suit.'" [Citation]). Given the closely related nature of the harassment claim with the discrimination claim adjudicated in the state action, there can be no doubt that Plaintiff could have raised the hostile work environment claim in the first suit. Thus, *res judicata* applies and Plaintiff's claims are precluded.

## IV. CONCLUSION

The Court **GRANTS** Defendant's motion for judgment on the pleadings. Because Plaintiff's claims are barred by *res judicata*, amendment of the complaint will be futile and the Court dismisses the complaint with prejudice. The Clerk of the Court is instructed to enter judgment in accordance with the above and close the file in this case.

This order disposes of Docket No. 21.

**IT IS SO ORDERED**.

Dated: November 24, 2015

_____
EDWARD M. CHEN
United States District Judge